UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gregory Keith Clinton | ) | CASE NO: 4:25CV01644 |
| Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | **OPINION AND ORDER** |
| Robert W. Trumble, et al. | ) ) ) | |
| Defendants. | ) ) ) | |

*Pro se* plaintiff Gregory Keith Clinton filed this civil rights action against Northern District of West Virginia Magistrate Judge Robert W. Trumble; former Clerk of Court for the Northern District of West Virginia, Cheryl Dean Riley; former U.S. Attorney Betsy Jividen; and Assistant U.S. Attorney Carrie L. Lehman.[1] (Doc. No. 1). Plaintiff also filed an application to proceed *in forma pauperis* (Doc. No. 2), which the Court grants by separate order.

For the following reasons, the Court dismisses this action.

**I. Background**

Plaintiff's Complaint stems from an apparent traffic stop in West Virginia in 2016 and his resulting conviction in the United States District Court for the Northern District of West Virginia, Case No. 3:17 CR 00005. Plaintiff claims that he was kidnapped at gun point on July 3, 2016, and subjected to a strip search. He appears to also claim that he is a

---

[1] Although Plaintiff identifies Defendant as "U.S. Attorney Betsy Jivididin," the Court presumes Plaintiff is referring to former U.S. Attorney Betsy Jividen. Additionally, although Plaintiff lists "U.S. Attorney Carrie L. Leham" as a defendant, the Court presumes Plaintiff is referring to Special Assistant U.S. Attorney Carrie L. Lehman.

Sovereign Citizen, and the Northern District of West Virginia had no authority to adjudicate his criminal case. Additionally, he objects to the treatment he received as a Sovereign Citizen during his arrest and the court proceedings, including being denied "credit" he has earned. (Doc. No. 1 at 14). Plaintiff lists numerous constitutional amendments and federal laws purportedly violated, and in a conclusory fashion, Plaintiff alleges that the defendants violated 18 U.S.C. §§ 241 and 242. In support of his arguments, Plaintiff cites to the Neutrality Proclamation of 1793.

For relief, Plaintiff requests the Court "grant relief of rights of the Sovereign denied or violated," an order returning his personal property "unlawfully forfeited," and monetary damages. (*Id.* at 5).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127

S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Discussion

As an initial matter, Plaintiff fails to state a claim under 42 U.S.C. § 1983 against any defendant. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 U.S. App. LEXIS 36082, 1995 WL 559381 (6th Cir. Sept. 20, 1995). "Because vicarious liability is inapplicable to. . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. And where individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the

Complaint, the Complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Here, Plaintiff does not set forth any allegations specifically connecting any of the defendants to the purported constitutional violations. Rather, only their names are listed in the caption of the Complaint. Plaintiff therefore fails to state a plausible civil rights claim against these individuals.

Moreover, the defendants are immune from suit. It is well established that judicial officers are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at

issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

Here, there are no facts in the Complaint attributed to Magistrate Judge Trumble. There is therefore no suggestion in the Complaint that Magistrate Judge Trumble was acting in any capacity other than that of a judicial officer when the conduct alleged in the Complaint occurred, or that Magistrate Judge Trumble acted outside the scope of his jurisdiction. Magistrate Judge Trumble is therefore absolutely immune from damages in this action.

U.S. Attorney Jividen and Assistant U.S. Attorney Lehman also enjoy immunity. Prosecutors are absolutely immune from liability under Section 1983 for their conduct in "'initiating a prosecution and in presenting the State's case.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). So long as the prosecutor was engaged in prosecutorial functions, he or she is absolutely immune regardless of whether he or she undertook actions maliciously, in bad faith, or with an improper motive. *See Imbler*, 424 U.S. at 427 & n.27, 431 & n.34 (prosecutor immune after knowingly presenting perjured testimony and suppressing exculpatory evidence at trial); *Joseph v. Patterson*, 795 F.2d 549, 555 (6th Cir. 1986) (prosecutor immune after "knowingly obtaining issuance of criminal complaints and arrest warrants . . . based on false, coerced statements"); *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) (prosecutor

5

immune for deciding to investigate and conspiring to present false charges to the grand jury, allegedly to satisfy a campaign promise to be tough on child abuse).

Here, Plaintiff presents no facts suggesting U.S. Attorney Jividen and Assistant U.S. Attorney Lehman acted outside the confines of their prosecutorial roles. These defendants are therefore absolutely immune from suit.

Finally, Defendant Cheryl Dean Riley is also immune from suit. Judicial immunity may be extended to non-judicial officers, like the Clerk of Court, who perform in a quasi-judicial capacity. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* The fact that an error is made is immaterial. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Court clerks and other court officials and employees have therefore been accorded absolute immunity from civil rights actions on claims arising from conduct intrinsically associated with a judicial proceeding. *See, e.g., id.* (court clerk); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (municipal court clerk); *Bush*, 38 F.3d at 847 (court administrator and referee).

Here, once again, Plaintiff does not allege any facts plausibly suggesting that Clerk of Court Cheryl Dean Riley acted outside the scope of her quasi-judicial immunity. She is therefore absolutely immune from suit.

Moreover, Plaintiff's Complaint appears to be an attempt to vacate his conviction in the Northern District of West Virginia, Case No. 3:17 CR 00005. To that extent, Plaintiff cannot obtain such relief in a civil rights action. When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of

6

habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

And to the extent Plaintiff is seeking damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under 42 U.S.C. § 1983, he must first show that the conviction or sentence at issue has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In the absence of such a showing, any complaint for damages must be dismissed. *See Wright v. Kinneary*, 46 Fed. App'x. 250, 252 (6th Cir. 2002) (citing *Heck*, 512 U.S. at 486-87). Plaintiff has not made that showing here. Therefore, the Complaint must be dismissed on this basis.

Additionally, in a conclusory fashion, Plaintiff appears to claim that the defendants violated 18 U.S.C. § 241 (conspiracy to deny civil rights) and 18 U.S.C. § 242 (deprivation of civil rights). To that extent, his claim fails. Sections 241 and 242 are criminal statutes and provide no private right of action to civil plaintiffs. *See Bey v. State of Ohio*, No. 1:11 CV 1306, 2011 U.S. Dist. LEXIS 119867, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011) (citing *U.S. v. Oguaju*, 76 Fed. Appx. 579, 2003 WL 21580657, *2 (6th Cir. 2003)). To the extent Plaintiff is attempting to bring criminal charges against the defendants, he lacks standing. *See Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (A private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts.") (citing among authority *Diamond v. Charles*, 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986)); *Poole*

7

*v. CitiMortgage, Inc.*, Civil Action No. 14-CV-10512, 2014 U.S. Dist. LEXIS 135488, 2014 WL 4772177, at *5 (E.D. Mich. Sept. 24, 2014) (a private citizen lacks standing to initiate criminal proceedings) (citing among authority *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)).

### IV. Conclusion

Accordingly, the Court DISMISSES this action pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

August 26, 2025                _/s/ John R. Adams_
                                                    JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT COURT